# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MONICA JOSEY JAMES and ARLINDA (TRAY) JOHNS, ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | Case No. 19 C 3366 |
| JASON LYDON, BLACK AND PINK, INC., DOMINIQUE MORGAN, JOHANNES WILSON, FRANK PLACE, REED MILLER, DAVID BOOTH, TANYA NGUYEN, ZAHARA GREEN, KATIE OMBERG, MEGAN SELBY, MICHAEL COX, and JOHN DOES 1-TBD, ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiffs Monica James and Arlinda Johns filed suit against Jason Lydon, Black and Pink Inc. (B&P), Dominique Morgan, Johannes Wilson, Frank Place, Reed Miller, David Booth, Tanya Nguyen, Zahara Green, Katie Omberg, Megan Selby, and Michael Cox. James and Johns assert claims arising from their hiring by, employment with, and termination from B&P. The defendants have moved to dismiss James and Johns's first amended complaint. Seven of the defendants contend that personal jurisdiction is lacking. All twelve of the defendants contend that James and Johns have failed to state claims against them.

For the reasons stated below, the Court grants the defendants' motion to dismiss.

## Discussion

**1.     Personal jurisdiction**

James and Johns both currently reside in Florida. B&P is incorporated and headquartered in Massachusetts, and it also has an office in Nebraska. Plaintiffs' complaint does not identify the citizenship or residence of the other defendants. In connection with the defendants' motion to dismiss, however, various defendants have submitted affidavits attesting to their citizenship and residence. Morgan resides in Nebraska; Place, Omberg, and Cox reside in Massachusetts; Miller resides in Connecticut; Nguyen resides in New York; and Booth resides in New Jersey. Each of these defendants challenges personal jurisdiction.

When a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction. *Kipp v. Ski Enter. Corp. of Wis.*, 783 F.3d 695, 697 (7th Cir. 2015). And where, as in this case, a court is asked to determine personal jurisdiction without an evidentiary hearing, the plaintiff must establish a *prima facie* case for personal jurisdiction. *Id.*

A federal court applies the personal jurisdiction rules of the state in which it sits, unless a federal statute provides a broader basis for jurisdiction, or unless the plaintiff asserts a federal claim and the defendant is not subject to jurisdiction in any state's courts, neither of which is the case here. *See* Fed. R. Civ. P. 4(k)(1), (2). In Illinois, a court may "exercise jurisdiction on any basis permitted by the Illinois Constitution and the Constitution of the United States." 735 ILCS 5/2-209(c). In other words, Illinois law permits the exercise of jurisdiction "up to the limits of the due process clause of the Fourteenth Amendment." *Kipp*, 783 F.3d at 697. In that sense, federal due process

and Illinois state-law requirements are indistinguishable. *State of Illinois v. Hemi Group LLC,* 622 F.3d 754, 757 (7th Cir. 2010).

There are two types of personal jurisdiction—general and specific. General jurisdiction gives a court the right to hear any claims asserted against a defendant regardless of whether they arise from the defendant's contacts with the state. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). General jurisdiction exists only if the defendant has "continuous and systematic" contacts with a state that are "sufficiently extensive and pervasive to approximate physical presence." *Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2011). The Supreme Court has stated that "[f]or an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Goodyear Dunlop*, 564 U.S. at 924.

General jurisdiction over Morgan, Place, Omberg, Cox, Miller, Nguyen, and Booth is lacking in Illinois; plaintiffs do not argue otherwise. Each of these defendants resides and is domiciled in a state other than Illinois, and none of them has had, at any relevant time, more than a sporadic presence in this state.

Plaintiffs fare no better on the question of specific jurisdiction. "[S]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear Dunlop*, 564 U.S. at 919. In other words, the exercise of specific personal jurisdiction "requires that the claims in the lawsuit arise from the defendants' contacts with the forum state." *Johnson v. Hartwell*, 690 F. App'x 412, 413 (7th Cir. 2017).

A court may exercise specific personal jurisdiction over a defendant "where (1) the defendant has purposefully directed [its] activities at the forum state or purposefully

availed [itself] of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010). Such is not the case here. Plaintiffs identify no relevant conduct by any of the moving defendants that was directed at Illinois. Plaintiffs' only argument in support of jurisdiction is that "all of the Defendants regularly enter the jurisdiction of Chicago, Illinois when they engage in monthly conference calls to direct the activities of [B&P's] Chicago chapter . . . ." Pls.' Resp. to Defs.' Mot. to Dismiss at 22. But because the plaintiffs' claims do not arise from these calls, or even from the activities of the Chicago B&P chapter, these contacts do not support the exercise of specific jurisdiction.

For these reasons, the Court dismisses plaintiffs' claims against defendants Morgan, Place, Omberg, Cox, Miller, Nguyen, and Booth for lack of personal jurisdiction.

**2.     Adequacy of pleading**

The Court dismisses the amended complaint as to the remaining defendants—Lydon, B&P, Wilson, Green, and Selby—with leave to amend. There are a number of basic problems with the complaint in its current form, starting off with the fact that it is prolix and difficult to follow. In some respects, at least, the complaint reads more like a narrative; it does not contain a "short and plain statement of the claim[s]" as required by the Federal Rules. *See* Fed. R. Civ. P. 8(a)(2). The Court dismisses the complaint for noncompliance with Rule 8, with leave to file an amended complaint within 14 days.

In their response to the motion to dismiss, plaintiffs ask for guidance should the Court dismiss the complaint with leave to amend. The Court offers the following non-

4

exhaustive list, in addition to plaintiffs' noncompliance with the "short and plain statement" requirement:

- The acts claimed to be discriminatory, retaliatory, defamatory, and so on are not attributed to particular persons but instead lump together all of the defendants, which generally speaking is not appropriate. *See, e.g., Bates v. City of Chicago*, 726 F.3d 951, 958 (7th Cir. 2013). In any further amended complaint, plaintiffs need to identify who they claim did what, and when. And if the actions of one or some defendants are being attributed to others for liability purposes, the basis for doing so should be clearly alleged.
- With regard to the defamation claim(s), the amended complaint block-quotes several sentences from statements made by one or more defendants and alleges the quoted statements are false and defamatory. This makes it unduly difficult to sort out exactly what the basis for the defamation claim is and assess its sufficiency. Any further amended complaint should identify the *particular* statements claimed to be defamatory and should allege why and how they are defamatory.
- Any claims based on discrimination, hostile work environment, or retaliation should identify exactly what conduct is claimed to be discriminatory. The current complaint seems to say it's everything the complaint describes (which seems unlikely), though even that is less than clear.
- In addition, any claims based on race discrimination, including hostile work environment-based claims, should describe the basis for the plaintiffs' contention that the challenged conduct was based on the plaintiffs' race. To cite just one

5

example, the complaint includes an extended discussion regarding an act of misconduct by Frank Place (one of the dismissed defendants) and a series of acts claimed to have been done by other defendants in retaliation for the way James responded to Place's misconduct. Plaintiffs appear to contend that the defendants' actions arising from this episode are race-based, and they may be contending that Place's conduct was likewise race-based, but the basis for these contentions is difficult to discern from the current version of the complaint. Generally speaking, it is insufficient for purposes of federal pleading to merely attach a conclusory label to conduct without providing a basis for the conclusion. *See, e.g., Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## Conclusion

The Court grants defendants' motion to dismiss [dkt. no. 34] for the reasons stated above. The Court dismisses plaintiffs' claims against defendants Morgan, Place, Omberg, Cox, Miller, Nguyen, and Booth for lack of personal jurisdiction and dismisses plaintiffs' claims against defendants Lydon, Black and Pink, Inc., Wilson, Green, and Selby for noncompliance with Rule 8(a)(2). Plaintiffs are given leave to file an amended complaint against the latter defendants by no later than February 26, 2020. The status hearing set for February 12, 2020 is vacated and reset to March 4, 2020 at 9:30 a.m.

Date: February 11, 2020

_____
MATTHEW F. KENNELLY
United States District Judge