IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MONICA JOSEY JAMES, ARLINDA L. JOHNS, and TYRELLE HINSON, <br><br> Plaintiffs, <br><br> vs. <br><br> JASON LYDON, BLACK AND PINK, INC., JOHANNES WILSON, ZAHARA GREEN, MEGAN SELBY, and JOHN DOES 1-TBD, <br><br> Defendants. | Case No. 19 C 3366 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Monica Josey James, Arlinda L. Johns, and Tyrelle Hinson sued their former employer, Black & Pink, Inc., along with a handful of individuals associated with the organization. The plaintiffs alleged claims of race-based discrimination and retaliation in violation of 42 U.S.C. § 1981 and state law claims of fraud and defamation. After discovery, the Court granted summary judgment in favor of the defendants on all of the plaintiffs' claims.

The plaintiffs have moved for reconsideration under Federal Rule of Civil Procedure 59(e). The defendants have moved to recover costs totaling $9,328.70. For the reasons set forth below, the Court denies the plaintiffs' motion and grants the defendant's motion.

Discussion

A.  Motion for reconsideration

"Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). The plaintiffs premise their motion for reconsideration on three arguments: 1) the discovery of purported new evidence; 2) claimed factual mistakes in the Court's summary judgment opinion; and 3) claimed legal errors in the opinion. *See generally James v. Lydon*, No. 19 C 3366, 2022 WL 523121 (N.D. Ill. Feb. 22, 2022).

   1.  New evidence

The plaintiffs first argue that there is new evidence that is relevant to the summary judgment decision and calls for its reconsideration. This evidence includes two Medium blog posts by former Black & Pink employees, social media posts of current employees, and the transcript of a Facebook live video recorded by Black & Pink's executive director, Dominique Morgan. The plaintiffs, however, do not make any effort to show how this evidence would change the outcome, and they do not cite any caselaw to support their argument. Instead, they summarily contend that the "newly discovered evidence goes to show a pattern of race-based discrimination at Black & Pink." Pls.' Mot. to Am. J. at 4 (dkt. no. 177).

This lack of analysis is dispositive. A motion for reconsideration under Federal Rule of Civil Procedure 59 requires the movant to show that the evidence would "probably produce a new result." *Env't Barrier Co., LLC v. Slurry Sys., Inc.*, 540 F.3d 598, 608 (7th Cir. 2008) (listing the four elements to succeed on a Rule 59 motion

based on new evidence). The plaintiffs have not come close to showing that here. Furthermore, as a general matter, "perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived." *Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016) (quoting *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991)). That is the case here. The Court overrules the request for reconsideration on the basis of purported new evidence.

    2.    **Factual mistake**

The plaintiffs next argue that the Court misstated and misconstrued the factual record. As in their original summary judgment briefing, they dispute the role that the Leadership Circle played in controlling Black & Pink, and they further contend that Lydon continued controlling the organization despite stepping down from his position. Based on the purportedly proper understanding of the organization leadership structure, the plaintiffs contend that a reasonable jury could have inferred that Black & Pink was racially biased.

The Court disagrees with the contention that it misstated facts, as well as the contention that it committed "manifest error" calling for reconsideration of the summary judgment ruling. *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). The plaintiffs' assertions about the proper factual understanding of the organizational leadership structure amount to the same contention that the Court considered and addressed in its prior opinion. *See James*, 2022 WL 523121, at *4. The Court overrules this claimed basis for reconsideration of the summary judgment ruling.

    3.    **Legal error**

Finally, the plaintiffs argue that the Court committed legal error in assessing their

defamation and retaliation claims.

In granting summary judgment, the Court concluded that the plaintiffs could not establish key elements of their defamation claims, which were based on Black & Pink statements that accused Johns of theft and James of extortion. The Court explained that widespread circulation of a letter to other organizations was not evidence from which a reasonable jury could infer actual malice, as required for plaintiffs' theory of defamation because the statements at issue were truthful. *See id.* *6; *see also Noonan v. Staples, Inc.*, 556 F.3d 20, 28 (1st Cir. 2009) (explaining how "even a true statement can form the basis of a libel action if the plaintiff proves that the defendant acted with 'actual malice'").

The plaintiffs argue that this legal conclusion is erroneous because widespread publication suffices to prove actual malice. As indicated, the plaintiffs had to prove that the defendants published the defamatory statement with actual malice because the statement at issue was truthful. Actual malice requires publication "with either knowledge of untruth or a reckless disregard as to whether [the statements] were false." *LaChance v. Bos. Herald*, 78 Mass. App. Ct. 910, 913, 942 N.E.2d 185, 189 (2011). The plaintiffs contend that recklessness can occur through widespread circulation, but they misquote what Massachusetts law says. Widespread circulation does not establish actual malice; rather, it may be used to defeat conditional privileges, such as an employer's conditional privilege to disclose defamatory information concerning an employee. *Bratt v. IBM Corp.*, 392 Mass. 508, 509, 467 N.E.2d 126, 129 (1984). Furthermore, a plaintiff must prove recklessness apart from the issue of circulation. *Id.* at 515–16, 467 N.E.2d at 132. Conditional privilege was not a basis for the Court's

4

summary judgment ruling, and thus the plaintiffs' argument on this issue misses the point.

As for Hinson's retaliation claim, the plaintiffs admit that they are essentially presenting an entirely new legal argument. *Cf.* Pls.' Mot. to Am. J. at 15–16 (dkt. no. 177) ("Hinson reanalyzes his retaliation claims to better clarify his position"). A motion for reconsideration does not permit a losing party to raise new legal theories that the party did not argue in the first instance. *See Granite State Ins. Co. v. Degerlia*, 925 F.2d 189, 192 n.7 (7th Cir.1991).

The Court concludes that the plaintiffs have not identified a cognizable legal error meriting reconsideration.

**B.     Costs**

A prevailing party is typically entitled to recover costs. *See* Fed. R. Civ. P. 54(d)(1). "The presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly confined—the court must award costs unless it states good reasons for denying them." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997). As the prevailing party, the defendants in this case have requested $9,328.70 via their bill of costs.

The Seventh Circuit has recognized "only two situations in which the denial of costs might be warranted: the first involves misconduct of the party seeking costs, and the second involves a pragmatic exercise of discretion to deny or reduce a costs order if the losing party is indigent." *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003). The plaintiffs argue that the Court should not award costs because the defendants engaged in misconduct and because plaintiff Tyrelle Hinson is indigent and

unable to pay.

### 1. Misconduct

A court has the discretion to deny costs entirely when the prevailing party engaged in conduct which resulted in "protracted and needless litigation." *Overbeek v. Heimbercker*, 101 F.3d 1225, 1228 (7th Cir.1996). In *Overbeek*, for example, the court denied costs because the prevailing party had "inexplicably refused over a dozen offers of the policy limit, needlessly pursued a trial, appealed the jury's decision not to award punitive damages even though the defendants were judgment-proof, vanished for large periods of time, frivolously argued for dual coverage, and even wasted time and resources . . . for no apparent reason." *Id.*

The plaintiffs contend that the defendants improperly objected during depositions and that this prolonged the litigation. To support this contention, the plaintiffs seemingly cite every single instance when defense counsel objected during thirteen different depositions. *See* Pls.' Opp'n to Defs.' Bill of Costs at 2–5 (dkt. no. 179). Yet none of these citations contain any context whatsoever, and plaintiffs offer nothing to support a contention that the objections were improper. In stark contrast, in their reply, the defendants provide context and demonstrate how their objections adhered to the Federal Rules. The Court concludes that plaintiffs have failed to show that defense counsel made inappropriate deposition objections or that the objections led to protracted and needless litigation such that costs should be denied.

The plaintiffs also summarily contend that the defendants failed to supplement the record by not disclosing the evidence that the plaintiffs cite in their motion for reconsideration. The plaintiffs have not offered any support, however, for the

6

proposition that the defendants failed in their disclosure obligations. In short, the plaintiffs have not shown that the claimed failure to disclose—which is anything but clear given the record—rises to an "exceptional circumstance" that warrants denial of costs as a penalty. *Overbeek*, 101 F.3d at 1228.

The Court rejects plaintiffs' claim of misconduct as a basis to deny costs.

2. **Indigency**

The presumption in favor of a prevailing party's recovery of costs may be overcome by a showing of the losing party's indigency. *See Rivera v. City of Chicago*, 469 F.3d 631, 636 (7th Cir. 2006). To establish indigency, the party must "show not only that she [is] incapable of paying court-ordered costs at the time they [are] imposed but also that she will be incapable of paying them in the future." *Id.* at 636. A party may establish financial hardship by submitting "sufficient documentation such as affidavits, statements of assets and income, and a schedule of expenses." *Rossi v. City of Chicago*, 790 F.3d 729, 738 (7th Cir. 2015).

Hinson has submitted evidence of his indigency through an affidavit and proof of his Supplemental Nutrition Assistance Program benefits. He asserts that he is unemployed, homeless, has no assets, and is in debt. The defendants do not contest Hinson's indigency. Accordingly, the Court concludes that there is sufficient evidence to establish that Hinson is unable to pay costs.

Nevertheless, Hinson's indigency does not relieve James and Johns of the obligation to pay costs. The Seventh Circuit has explained that "the presumptive rule is joint and several liability unless it is clear that one or more of the losing parties is responsible for a disproportionate share of the costs." *Anderson v. Griffin*, 397 F.3d

7

515, 522–23 (7th Cir. 2005). There is no evidence of a disproportionate share of costs among the plaintiffs in this case, nor have they argued as much.

The Court therefore imposes costs against James and Johns jointly and severally, but not against Hinson.

### Conclusion

For the reasons stated above, the Court denies the plaintiffs' motion for new trial [dkt. no. 177] and grants the defendants' bill of costs totaling $9,328.70, but imposes costs only against James and Johns, jointly and severally [dkt. no. 175].

                                                                    _____
                                                                    MATTHEW F. KENNELLY
                                                                    United States District Judge

Date:  June 10, 2022